IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRBAC CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:05CV01128 (RMU) |
| CHANELLE PHARMACEUTICALS MANUFACTURING LTD., *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**DECLARATION OF ERIC S. ARONSON IN SUPPORT OF MOTION OF DEFENDANTS THE HARTZ MOUNTAIN CORPORATION, ALBERT AHN AND IAN COTTRELL TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY, TO TRANSFER VENUE, AND TO DISMISS COUNTS I, II AND III OF COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

ERIC S. ARONSON declares, pursuant to 28 U.S.C. § 1746(2), as follows:

1. I am a shareholder of Greenberg Traurig, LLP, attorneys for defendants The Hartz Mountain Corporation ("Hartz"), Albert Ahn and Ian Cottrell (collectively, the "Hartz Defendants"). I make this declaration in support of the Hartz Defendants' Motion to dismiss for improper venue, or alternatively, to transfer venue, and to dismiss Counts I, II and III of the Complaint for failure to state a claim upon which relief can be granted.

2. On May 11, 2005, Hartz filed an action against defendant Chanelle Pharmaceuticals Manufacturing Limited ("Chanelle") in the United States District Court for the District of New Jersey (the "New Jersey Action"), in which I am Hartz's attorney of record. A true and correct copy of the complaint in the New Jersey Action is attached as Exhibit 1. The complaint in the New Jersey Action asserts claims against Chanelle sounding in breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation.

3. The New Jersey Action arises from Chanelle's breaches of a January 10, 2003 Confidential License and Supply Agreement (the "Alliance Agreement") between Hartz and Chanelle, and from Chanelle's misrepresentations, among other things, inducing Hartz to enter into and continue performing under the Alliance Agreement. The Alliance Agreement sets forth the respective rights and duties of Hartz and Chanelle in conducting a business venture to develop, manufacture and sell certain veterinary pharmaceutical products that would safely combine three separate pharmaceuticals for the treatment of canine heartworm, using a process technology that Chanelle represented it owned. The applications filed with the United States Patent and Trademark Office referenced in plaintiff's Complaint in this action relate to the business venture between Hartz and Chanelle.

4. On July 26, 2005, Chanelle moved to dismiss the New Jersey Action based upon lack of *in personam* jurisdiction, pursuant to the doctrine of *forum non conveniens*, and for failure to state a claim upon which relief can be granted. Hartz opposed Chanelle's motion on August 29, 2005. Hartz's opposition papers included an August 29, 2005 certification from Dr. Ahn (who is Hartz's Chief Scientific Officer), which describes the background of the parties' dealings, and details the nature of Chanelle's contacts with New Jersey and the aspects of the Alliance Agreement to be performed in New Jersey. A true and correct copy of Dr. Ahn's certification in the New Jersey Action is attached as Exhibit 2.

5. I received a telephone call the next day, August 30, 2005, from John Barnoski of Cozen O'Connor, attorneys for Chanelle in the New Jersey Action. Mr. Barnoski advised me that, in light of Dr. Ahn's certification, Chanelle would withdraw its motion

(which it did on September 6, 2005) and answer the complaint. In return, Hartz granted Chanelle an extension of time by which to do so.

6. In subsequent telephone conversations, Mr. Barnoski and I discussed Chanelle's intentions in this action. Mr. Barnoski indicated that Chanelle intends to make a motion joining in the Hartz Defendants' Motion to the extent that it seeks the transfer of this action to the District of New Jersey, and seeking additional and separate relief applicable only to the claims against Chanelle and its managing director, defendant Michael Burke. Mr. Barnoski explicitly represented to me that even though Chanelle's impending motion intended to seek, among other things, the same relief as that sought by the Hartz Defendants' Motion, Chanelle was not thereby admitting the substantive allegations of the complaint in the New Jersey Action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2005.

_____
ERIC S. ARONSON