IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIRBAC CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01128 |
| | ) | Judge: Ricardo M. Urbina |
| CHANELLE PHARMACEUTICALS | ) | |
| MANUFACTURING LTD. and | ) | |
| HARTZ MOUNTAIN CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## VIRBAC CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTIONS TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER

Plaintiff, Virbac Corporation ("Virbac"), through its counsel, files this Memorandum of Points and Authorities in Opposition to the Motions to Dismiss, or, in the alternative, Motion to Transfer (the "Motion") filed by Defendants Hartz Mountain Corporation ("Hartz"), Albert Ahn and Ian Cottrell (collectively, the "Hartz Defendants"). Virbac respectfully states as follows:

## I.     INTRODUCTION

Virbac filed suit on June 7, 2005. Subsequently, Virbac served a Summons on Defendant Chanelle Pharmaceuticals ("Chanelle") on August 24, 2005. At no time has Virbac served a summons on Hartz or on its employees, Albert Ahn or Ian Cottrell. To the contrary, counsel for Virbac affirmatively and repeatedly represented to counsel for these defendants that an amended complaint would be filed. Nevertheless, in a highly unusual move, counsel for these defendants sought affirmative relief from this Court before they were served. Therefore, the Court now has before it the First Amended Complaint (the "Amended Complaint") filed by Virbac and the motion for dismissal or transfer sought by the Hartz Defendants related to the Original

Complaint.  Virbac believes that a review of its Amended Complaint will show that the concerns prematurely expressed by the Hartz Defendants have been cured.  Indeed, the Hartz Defendants could have avoided wasting this Court's time and resources had they not acted prematurely by filing their Motion prior to the Amended Complaint.

First, it should be noted that the Amended Complaint does not bring claims against Albert Ahn or Ian Cottrell, the individual Hartz employees named in the original Complaint. Therefore, the remainder of this Response will address Hartz's motion, since it is the remaining, and still unserved, defendant.

Second, it should be noted that Hartz claims that venue is improper in the District of Columbia because it assumes that such venue is asserted based on a "glaring factual mistake" in confusing the location of the United States Patent and Trademark Office as being located in the District of Columbia rather than in Arlington, Virginia.

As shown and fully developed in the First Amended Complaint, Virbac and its Counsel are well aware of both the location of the USPTO and the Food and Drug Administration. Virbac and its counsel are also fully aware of the involvement of parties and witnesses from several states and countries.  Further, Virbac is most aware of the situs of its damages.  In selecting the proper forum for its suit, Virbac carefully and properly considered the jurisdiction and venue issues.

In addition, Hartz seeks to dismiss Counts I, II and III of the Original Complaint for failure to state a claim upon which relief can be granted.  As shown in the Amended Complaint and as further set forth herein, Virbac has met the standard required to survive a 12(b) (6) motion on all of its claims.

For the reasons stated in its First Amended Complaint, adopted by reference as if fully stated herein, and for the reasons set forth below, this Court should deny the Hartz Motion to dismiss or transfer brought pursuant to 28 U.S.C.A. § 1406 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     STATEMENT OF RELEVANT FACTS

A.     <u>This is a suit involving parties of two states and two countries.</u>

Plaintiff Virbac Corporation is a Delaware corporation with its principal place of business in Fort Worth, Texas.  Defendant Chanelle Pharmaceuticals Manufacturing Ltd. ("Chanelle") is an Ireland corporation with its principal place of business in Galway, Ireland.  Chanelle has voluntarily accepted service through its counsel.  Defendant Hartz Mountain Corporation ("Hartz") is a New Jersey corporation with its principal place of business in Secaucus, New Jersey.

Virbac's suit is based on its allegation that the Hartz and Chanelle (collectively, the "Defendants") have wrongfully misappropriated and used valuable confidential information belonging to Virbac or in which Virbac had exclusive rights.  The Defendants used Virbac's information to develop products to be sold to the public, to file patent applications before the United States Patent and Trademark Office ("USPTO") and the European Patent Office ("EPO"), and to file product approval applications with the United States Food and Drug Administration ("FDA").  In addition, the Defendants made false and misleading representations about the products to the World Intellectual Property Organization ("WIPO"), located in Geneva, Switzerland.  Further, the Defendants made misrepresentations and false statements to various governmental agencies and to the public, have failed and refused to cease using Virbac's information; have failed and refused to cease the development and commercialization of the products based on Virbac's information; have failed and refused to assign to Virbac the fruits of

Virbac's information, and have disseminated Virbac's trade secrets to the public, and, in particular, to competitors and potential competitors of Virbac.

     B.    <u>This Court has subject matter jurisdiction over all of the claims brought by Virbac.</u>

Subject matter jurisdiction is proper in the United States District Court for the District of Columbia pursuant to the provisions of: (1) 28 U.S.C. §1332 (diversity); (2) 28 U.S.C. §1331 (federal question); (3) 28 U.S.C. §1338 (patents and unfair competition); and, (4) 28 U.S.C. §1367(a) (supplemental jurisdiction).

     C.    <u>This Court has personal jurisdiction over all of the parties.</u>

This Court has personal jurisdiction over all Defendants. Hartz has appeared and sought affirmative relief from the Court, thereby waiving any claim that the Court does not have personal jurisdiction. Further, the Defendants have caused tortious injury in the District of Columbia by their acts and omissions, including fraudulently claiming ownership and invention of products belonging exclusively to Virbac. The agencies with which Defendants have filed such fraudulent disclosures and other filings are agencies of the U.S. Department of Commerce (in the case of the Patent and Trademark Office) and the U.S. Department of Health and Human Services (in the case of the U.S. Food and Drug Administration), both of which are headquartered in the District of Columbia. Therefore, the parties have transacted business in the District of Columbia, and have other sufficient contacts with the District of Columbia to constitute minimum contacts for purposes of personal jurisdiction under the District of Columbia long-arm statute (D.C. Code §14-423) and the due process clause of the fifth and fourteenth amendments to the United States Constitution.

### III.    ARGUMENTS AND AUTHORITIES

A.    <u>Virbac Correctly Asserted Venue in the D.C. District Court; therefore, the Hartz Motion must be denied.</u>

Hartz moved to dismiss this action pursuant to 28 U.S.C. § 1406(a).  Under the provisions of that statute, the district court of a district in which a case is improperly filed because of venue shall dismiss the case, or, in the interests of justice, transfer such case to any district or division in which it could have been brought.  28 U.S.C. § 1406(a) (emphasis added).  As shown in the Plaintiff's Amended Complaint and discussed herein, venue is appropriate in this district.  Therefore, Hartz's Motion fails under §1406 because dismissal is not warranted, and the transfer to New Jersey sought by Hartz is not proper.

### 1.    <u>Venue is proper in the District of Columbia.</u>

As more fully described below and in the Amended Complaint, venue is proper in this Court under 28 U.S.C. 1391(b)(1) because Hartz is a resident of this District pursuant to 28 U.S.C. 1391(c) and both Hartz and Virbac conduct sales in the District.  Alien corporations, such as defendant Chanelle, may be sued in any district pursuant to 28 U.S.C. 1391(d).

Venue is also proper in this Court under 28 U.S.C. §1391(b)(2).  A substantial part of the events or omissions giving rise to the claim occurred in this district because of the actions taken by defendants in filing applications with the U.S. Food and Drug Administration and the Patent and Trademark Office.  Moreover, Virbac has suffered specific damages in this District resulting from the public disclosure of its confidential and proprietary information (as another "event giving rise to the claim" under §1391(b)(2)) through the prejudice to its own filings.

In the alternative, venue is proper in this District pursuant to 28 U.S.C. §1391(b)(3), which provides that if there is no district in which venue is otherwise proper, it may be brought in any district in which any defendant is found.  There is no other district in which venue is

proper under Section 1391(b)(1) because all defendants do not reside in this District. There is no other district in which venue is proper under Section 1391(b)(2) because there is no other district in which a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial part of the property which is the subject of this action is located. Virbac's principal place of business is in Texas, and its majority shareholder is a French company. Chanelle's principal place of business is in Ireland and Hartz's headquarters is in New Jersey. The Patent and Trademark Office is physically situated in Alexandria, Virginia, and the Food and Drug Administration is physically situated in Rockville, Maryland; although, as noted above, the headquarters with primary responsibility for the acts of these agencies are located in this District. The events that form the basis of this complaint took place in each of these locations, but a "substantial part" of these events did not occur in any particular location.

Pursuant to §1391(b)(3), venue is proper where any defendant may be found. Hartz and Chanelle may be found in this District through their retail sales in this District, and therefore venue is proper here. Venue is proper as regards Chanelle under 35 U.S.C. §293, which provides that "[e]very patentee not residing in the United States" who has not filed a designation of agent for service of process may be sued with respect to the "patent or rights thereunder" (which includes claims as to ownership of patents) in the United States District Court for the District of Columbia. This complaint claims that Virbac is the rightful owner of the patent applications and demands that they be assigned to it or held in a constructive trust for its exclusive benefit. The applications in question have been published, and Defendants have provisional rights in the claimed inventions pursuant to 35 U.S.C. 154(d) and they are accordingly "patentees" within the meaning of §293. Venue is independently available as to Hartz under 28 U.S.C. §1391(b)(1) because it resides in the District.

In further support of Virbac's choice of venue, it must be noted that, as a matter of public policy and interest, the D.C. District Court is the most appropriate venue for this cause of action. *See Liban v. Churchey Group II, LLC*, 305 F. Supp.2d 136, 139 (D.D.C. 2004). The D.C. federal courts are not only the most logical courts for patent-related litigation, but they also have exclusive jurisdiction on several types of patent issues. In civil actions in cases of interference involving a foreign party, the USPTO has granted exclusive jurisdiction to the D.C. District Court. See 35 U.S.C. § 146, Civil action in case of interference ("the United States District Court for the District of Columbia shall have jurisdiction…"); *see also Eastman Kodak Co. v. Duracell, Inc.*, 1998 U.S. Dist. Lexis 17623 (D.D.C. 1998) ("Because the adverse parties in this case all hail from different districts, the Court can exercise personal jurisdiction over all parties, pursuant to 35 U.S.C. § 146."). Additionally, in determining remedies for patent infringements, the USPTO has also designated the D.C. District Courts subject matter jurisdiction where there are parties residing outside of the United States. See 35 U.S.C. § 293 ("the United States District Court for the District of Columbia shall have jurisdiction…to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."); *see also Minebea Co. v. Papst*, 377 F. Supp.2d 34, 39 (D.D.C. 2005) ("to assure a forum for suit in the United States in [patent] cases that otherwise might not be accommodated by either state or federal courts… is satisfied fully by this Court's exercise of personal jurisdiction over defendants in this litigation").

Further, Virbac is damaged by Hartz and Chanelle's actions regarding the FDA and by the impact their actions regarding the filing of patents on Virbac's own filings with the FDA. The effective situs of FDA decision making is in the District of Columbia. Responsibility for actions of the FDA is expressly delegated to the Secretary of the Department of Health and

Human Services ("HHS") located at 200 Independence Avenue in the District.   With respect to the FDA's mission to "promote public health by promptly and efficiently reviewing clinical research and taking appropriate action on the marketing of regulated products in a timely manner" (21 U.S.C. §393(b)(1)) and "ensuring that human and veterinary drugs are safe and effective" (21 U.S.C. §393(b)(2)(B)), the FDA enabling statute provides that the FDA shall carry out those functions " as determined to be appropriate by the Secretary," who is located in this District  (21 U.S.C. §393(b)(4).)

The Secretary shall implement programs and policies that will foster collaboration between the Administration, the National Institutes of Health and other science-based Federal agencies, to enhance the scientific and technical expertise available to the Secretary in the conduct of the duties of the Secretary with respect to the development, clinical investigation, evaluation, and postmarket monitoring of emerging medical therapies, including complementary therapies, and advances in nutrition and food science.  21 U.S.C. § 393(c).

It is the Secretary of Health and Human Services (located in the District), and not the FDA Commissioner, who is charged with the ultimate "duties  .   .   . with respect to the development, clinical investigation, evaluation, and postmarket monitoring" of new drugs. Finally, the enabling statute expressly provides that "[t]he Secretary, through the Commissioner, shall be responsible for executing this chapter" and, more particularly, for providing direction to the FDA and establishing and implement policies, coordinating and overseeing entities within the FDA, research relating to food and drugs, conducting educational and information programs, and "performing such other functions as the Secretary may prescribe."  (21 U.S.C. §393(d)(2)(A) – (D)).  The connection between HHS and FDA goes well beyond mere casual oversight – FDA is structurally and administratively integrated into HHS's operations.

In summary, as to Virbac's causes of action:  the plaintiff resides in Texas, the defendants reside in New Jersey and Ireland, the wrongful acts occurred in Ireland, New York, New Jersey; Maryland, Virginia, and in Texas, and the damage the Plaintiff occurred in the District of Columbia and in Texas.  These circumstances mitigate in favor of selecting the District of Columbia as proper venue for this action.[1]

2.     <u>Hartz confuses the exercise of personal jurisdiction with that of venue.</u>

Hartz improperly relies on *Cellutech, Inc. v. Centennial Cellular Corp*., 871 F. Supp. 46, 50 (D.D.C. 1994), for the proposition that a defendant's filings with the FCC and SEC are to be disregarded in determining the venue of this matter.  This reliance is misplaced as the issue in *Cellutech* was the exercise of personal jurisdiction based on the filings. *Id*, at 50 (stating "the 'government contacts exception ' prevents plaintiff from basing personal jurisdiction on that fact.").  Similarly, Hartz relies on *National Coal Ass'n v. Clark*, 603 F.Supp. 668, 672 (D.D.C. 1984), for the proposition that the defendant's contacts with a government agency are insufficient to establish venue.  Once again, that reliance is misplaced.  *National Coal* deals with the exercise of personal, long-arm jurisdiction, not venue.  *See, id*. at 671-72.

3.     <u>Hartz's own arguments show venue is appropriate in the District of Columbia.</u>

Much as a child thinks the world centers around it, Hartz would like this Court to believe that its controversy with Virbac centers around Hartz's principal place of business in New Jersey.  This is simply not the case.  The wrongdoing at issue in this case relates to a web of agreements between Hartz, Chanelle, Virbac, Blue Ride and IDEXX.  Few of these agreements

---

[1] Under the clear language of § 1406, the Court may dismiss or transfer venue to cure a venue error if venue is not proper.  Hartz urges this Court to either dismiss under this provision or to transfer venue to New Jersey.  Virbac believes that it has properly alleged facts that support venue in the District of Columbia; thereby negating Hartz's motion.  If however, the Court determines that venue does not lie in the Plaintiff's chosen forum, then Virbac urges the Court to transfer venue to Texas, where Plaintiff is located and suffered damages.

are connected to Hartz's home office in New Jersey. For example, if one looks at the residences of the contracting parties for the contract between Virbac and Blue Ridge, then one must look to North Carolina and Texas. If one looks at the residences of the contracting parties for the contract between Blue Ridge and Chanelle, then one must look to North Carolina and Ireland. Even if one looks to the contract between Chanelle and Hartz, one must look not only at New Jersey but also at Ireland. This does not even address the fact that the agreement between Chanelle and Hartz specifically states that it will be construed under the laws of Ireland.

Similarly, if one looks at the factors asserted by Hartz regarding theft of trade secrets: (1) the information was disclosed in North Carolina, Ireland, Virginia, Maryland, New Jersey and New York; (2) commercial use of the information was made in North Carolina, Ireland, Virginia, Maryland and New Jersey; (3) injury from the alleged theft is likely to be sustained in Texas and in the District of Columbia.

Contrary to Hartz's self-serving assertion that most witnesses and evidence are located in New Jersey, witnesses and evidence for the Virbac claims are scattered across multiple states and in Ireland, France and England.

Thus, Hartz's own arguments require that the Court look not to New Jersey as urged by Hartz, but to the venue chosen by Plaintiff Virbac based on its knowledge of its claims and damages -- the District of Columbia. In the alternative, if the Court determines that venue does not lie in the District of Columbia, Virbac would urge the Court to transfer the case to the Fort Worth Division of the Northern District of Texas. This is the other venue where Virbac experienced the harm caused by the tortious acts of the Defendants.

     4.    <u>Hartz Wrongly Cites Forum Selection Clauses</u>

Hartz attempts to mislead the Court by twice citing what it claims to be "forum selection" clauses in the agreements attached to the Complaint. (Hartz Brf. At 11 n. 8 and 15 n. 12.) But

those agreements do not contain forum selection clauses.  The paragraphs (Complaint, Exh. A, Par. 15, and Exh. B, Par. 12, while labeled "Governing Law; Jurisdiction," do not select a forum. They are solely choice-of-law provisions and have nothing to do with designating a jurisdiction in which suit must be brought.

For the foregoing reasons, the Hartz's motion to dismiss for improper venue should be denied in its entirety.  Virbac has shown that venue is proper in the District of Columbia as to the parties and the claims.

      B.    <u>Hartz Confuses Sections 1406 and 1404:  And Fails to Meet Its Burden for Transfer.</u>

Hartz states that it brings its Motion under 28 U.S.C. § 1406, (see Hartz Motion, p. 12 "Rather than dismiss the Complaint outright, the Court has discretion to transfer the case to the most appropriate judicial district.").  Hartz cites section 1406 for this proposition.  This confuses the provisions of section 1406 for transfer "in the interests of justice" and those of section 1404 for transfer "for the convenience of the parties".  Under section 1406, if venue is NOT proper, the Court is authorized to transfer the case.  Under section 1404, even if venue IS proper, the Court may, but is not required to, transfer the case.  Because Hartz cites to section 1404 in a footnote, Virbac will respond to the arguments made under that provision.

Under the Federal Rules of Civil Procedure, a court may also dismiss or transfer a case if venue is deemed improper or inconvenient in the forum chosen by the plaintiff.  Fed.R.Civ.P. 12(b)(3).  A motion to dismiss under Rule 12(b)(3) must present facts that will defeat a plaintiff's assertion of venue.  *2215 Fifth St. Assocs., LP v. U-Haul Int'l, Inc*., 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  In deciding a Rule 12(b)(3) motion, the court must accept the plaintiff's well-pled allegations as to venue as true, draw all reasonable inferences from those allegations in the

plaintiff's favor, and resolve any factual conflicts in the plaintiff's favor. *James v. Booz-Allen & Hamilton, Inc*., 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

        1.    <u>Hartz Has Failed to Meet Its Burden Show That Transfer is Appropriate.</u>

        a.    Standard Governing a Motion to Transfer Venue.

The motion to transfer venue is governed by section 1404 of title 28 of the United States Code. According to that statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The inquiry on a motion to transfer is twofold. First, the defendants must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Liban v. Churchey Group II*, 305 F.Supp.2d 136, 139 (D.D.C. 2004); *Trout Unlimited v. Dep't of Agric*., 944 F. Supp. 13, 16 (D.D.C. 1996). The receiving district court must be one in which the action could have been commenced originally, meaning: (1) the court would have had subject matter jurisdiction over the action; (2) defendants would have been subject to personal jurisdiction; and (3) venue would have been proper. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, the defendants must demonstrate that consideration of convenience *and* the interests of justice weigh in favor of transfer to that court. *Liban*, 305 F. Supp.2d at 139. There are several factors that courts should consider when deciding a motion to transfer pursuant to Section 1404: These are generally divided into "private-interest" and "public-interest" factors. *Id*. While courts are to consider these factors, there is no rigid formula for balancing these factors, and no single one of them is determinative. *Id*.

2.    <u>Hartz has failed to prove that consideration of convenience and the interest of justice weigh in favor of transfer to New Jersey.</u>

Hartz must make two showings to justify transfer of this case.  First, it must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Liban*, 305 F. Supp.2d at 139.  Second, the defendant must demonstrate that "considerations of convenience and the interest of justice weigh in favor of transfer to that court. *Id*. (citing *Trout Unlimited*, 944 F.Supp. at 16).  As to the second showing, this Court must weight a number of case-specific private and public interest factors. *Id*.  Weighing these factors in this case shows that Hartz has failed to meet is burden.

a.    The private factors do not support a transfer to New Jersey, rather <u>they support retention by the District of Columbia court.</u>

The private-interest factors that a court may consider are: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum: (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and, (6) the ease of access to sources of proof.  *Liban*, 305 F.Supp.2d at 139; *Trout Unlimited*, 944 F. Supp. at 16.

With regard to the first private interest factor, courts generally must afford substantial deference to the plaintiff's choice of forum. *Greater Yellowstone Coalition v. Bosworth*, 180 F.Supp.2d 124, 128 (D.D.C. 2001).  This deference may be weakened if the plaintiff is not a resident of the chosen forum; however, that is not the case here because the plaintiff is a corporation that does business within the District of Columbia.  Therefore, for the purposes of venue, Virbac is a resident of the District of Columbia.  28 U.S.C. 1391(c).  Further, as shown in the arguments regarding venue, *supra*, venue is appropriate in the District of Columbia under multiple theories, including the situs of the harm to Virbac, and policy provisions.  Therefore, the private interest factor of Virbac's choice of forum should be given substantial deference.

With regard to the second private-interest factor, Hartz has failed to establish sufficient facts related to *this lawsuit* to weigh in favor of its choice of New Jersey as its requested forum. Hartz spends multiple pages asserting the venue in New Jersey for the cause of action for breach of contract between Chanelle and Hartz. However, Hartz ignores the other contracts at issues, the sites of other acts related to *this lawsuit*.

Hartz places most of its arguments for transfer on the weight to be given the convenience of the parties because of the existence of a contract dispute in New Jersey. In so doing, Hartz completely ignores the convenience of Virbac and presumes to know what is best for Chanelle. At best, the Hartz argument regarding this factor carries little, if any, weight. At its worst, it is not sufficient to overcome the weight of the other factors that militate against a transfer to New Jersey.

Courts consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relation to the issues in the case. Most of the key witnesses in the case reside or work either in Texas or in Ireland. These witnesses include employees of Virbac and Chanelle. Hartz has not listed who it would call upon that is located solely in New Jersey, nor has it alleged that it cannot or will not produce witnesses in the District of Columbia. Indeed, it is expected that Hartz can produce its witnesses in the District of Columbia court as Hartz does business and "resides" in the District. Other witnesses reside in Maryland and Virginia, in close proximity to the District of Columbia, thereby minimizing any inconvenience to the witnesses to appear in the forum selected by Plaintiff Virbac. *Liban*, 305 F.Supp.2d at 142 (concluding that the proximity between the district of Columbia and Maryland minimized any inconvenience to the parties and witnesses between those two districts). Therefore, the convenience of Virbac and most of the key witnesses are found in the District of

Columbia, while the convenience of Chanelle may be a wash in either forum, as it will be required to travel great distances either way. The convenience of the parties does not warrant transfer to New Jersey.

Further, the District of Columbia court has the availability of process to compel the attendance of unwilling witnesses. Defendant Chanelle has entered an appearance of counsel and filed its Corporate Disclosure Statement without asserting a lack of personal jurisdiction. Similarly, Defendant Hartz and its employees Albert Ahn and Ian Cottrell have submitted to the personal jurisdiction of the court by filing motions in which they seek relief without raising the issue of personal jurisdiction.

The location of relevant documents and the relative ease of access to sources of proof do not warrant transfer to New Jersey. Most of the key documents in this case are located in Texas, Ireland, Virginia and in Maryland. These include: (1) contracts and correspondence, subject to production by the parties, (2) public filings, subject to production by the parties or through Freedom of Information Act Requests, and (3) proof of damages to be produced by the Plaintiff. Some other documents, presumably, are located in New Jersey. However, there is not any indication in Hartz's motion that these would be voluminous or any more burdensome to produce based on the venue of this case.

In the aggregate, Hartz has not met its burden and the private-interest factors do not weigh in favor of a transfer to New Jersey.

    b. The public factors do not support a transfer to New Jersey, rather, <u>these factors support retention by the District of Columbia court.</u>

The public-interest factors that a court may consider are: (1) the transferee's familiarity with the governing laws, (2) the relative congestion of the calendars of the potential transferee

and transferor courts; and, (3) the local interest in deciding local controversies at home.  *Liban*, 305 F.Supp.2d at 139; *Trout Unlimited*, 944 F. Supp. at 16.

The court's familiarity with the governing laws does not weigh in favor of a transfer. Hartz would have the court focus on only Texas and New Jersey law and argues that these are the applicable laws with which the New Jersey court is as familiar as is the District of Columbia court.  However, this case is much more complex than the contract action between Hartz and Chanelle.  Indeed, Hartz's own documents show that more is involved.  For example the Hartz/Chanelle License and Supply Agreement calls for Chanelle to comply with and obtain FDA/CVM approval (in Maryland), registration of respective patents (in Virginia and Europe), and is to be governed by the laws of Ireland "as if made and to be fully performed in such jurisdiction."  Hartz Motion Appendix J, pp. 6-7, and 13-14.

The DC court is equally, if not more, familiar with the governing law as to this case.  As a matter of public policy and interest, the D.C. District Court is the most appropriate venue for this cause of action.  The D.C. federal courts are not only the most familiar courts for patent-related litigation, but they also have exclusive jurisdiction on several types of patent issues.  In civil actions in cases of interference involving a foreign party, the USPTO has granted exclusive jurisdiction to the D.C. District Court.  35 U.S.C. § 146, Civil action in case of interference ("the United States District Court for the District of Columbia shall have jurisdiction…"); *see also Eastman Kodak Co. v. Duracell, Inc*., 1998 U.S. Dist. Lexis 17623 (D.D.C. 1998) ("Because the adverse parties in this case all hail from different districts, the Court can exercise personal jurisdiction over all parties, pursuant to 35 U.S.C. § 146.").  Additionally, in determining remedies for patent infringements, the USPTO has also designated the D.C. District Courts subject matter jurisdiction where there are parties residing outside of the United States.  35

U.S.C. § 293 ("the United States District Court for the District of Columbia shall have jurisdiction…to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."); see also *Minebea Co. v. Papst*, 377 F. Supp.2d 34, 39 (D.D.C. 2005) ("to assure a forum for suit in the United States in [patent] cases that otherwise might not be accommodated by either state or federal courts… is satisfied fully by this Court's exercise of personal jurisdiction over defendants in this litigation").

As even Hartz has admitted, despite the initial denial of the patent applications at issue, Hartz has continued to prosecute the patents.  Indeed, as stated in the Amended Complaint, Virbac is informed and believes that Hartz has now received word that a number of the patent claims have been allowed.  This further highlights and amplifies the claims brought by Virbac against Hartz and Chanelle thus amplifying the importance of the court's familiarity with the law governing patents.

c.    The relative congestion of the courts does not weigh in favor of a transfer.

According to current statistics from the Administrative Office of the Untied States Courts, the following statistics apply to the Honorable William J. Martini, presiding over the court where the Hartz/Chanelle contract dispute has been filed in New Jersey, assuming the matter would be transferred and then consolidated, and to the Honorable Ricardo M. Urbina, presiding judge over the Virbac suit in the District of Columbia.

| Judge | Cases Pending more than 3 years | Motions Pending  more than 6 months | Bench Trials Submitted more than 6 months | Bankruptcy Appeals  pending more  than  6 months | Social Security Appeals pending more  than 6 months |
|---|---|---|---|---|---|
| Martini | 13 | 5 | 0 | 0 | 8 |
| Urbina | 13 | 0 | 0 | 0 | 0 |

See, Civil Justice Reform Act, a true and correct copy of relevant pages attached hereto as Exhibit "A."[2]

According to this report, Judge Martini and Judge Urbina have the same number of cases pending for more than three years.  However, Judge Martini has motions and social security appeals that have been pending more than six months, whereas Judge Urbina does not. Therefore, it would appear that Judge Urbina, of the District of Columbia, has less congestion and this factor should weigh against transfer to New Jersey.

As to the local interests in resolving local disputes "at home,"  New Jersey may have an interest in resolving the Hartz/Chanelle matter and, perhaps, in the Virbac matter; however, that interest cannot be greater than the interests of Texas in Virbac, or, of the District of Columbia in the patent issues at stake.  Therefore, any interest that New Jersey may have is not sufficient to overcome the weight of the other public interest factors. Efficiency and the interests of justice, based on the totality of the circumstances, favor retention by the District of Columbia court.

C.    Virbac Has Met Its Burden of Pleading and Hartz Has Failed to Establish That Dismissal is Appropriate for Counts I, II, or III of the Original Complaint.

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim for which relief may be granted is to test the legal sufficiency of the complaint.  *Browning v. Clinton,* 292 F.3d 235, 242, 352 U.S. App. D.C. 4 (D.C. Cir. 2002).  The plaintiff only needs to provide a "short and plain statement of the claim," which provides the defendant with fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040, 358 U.S. App. D.C. 295 (D.C. Cir. 2003) (citing Fed.R.Civ.P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).  A plaintiff is not

_____

[2] The relevant information for the United States Courts; Northern District of Texas are also provided.

required to plead all elements of a prima facie case in his complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002), nor is a plaintiff required to "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136, 341 U.S. App. D.C. 163, (D.C. Cir. 2000).

　　In determining if a plaintiff has adequately stated a claim, the Court should accept as true the well-pleaded factual allegations of the complaint, including mixed questions of law and fact, and draw all reasonable inferences from such factual allegations in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67, 357 U.S. App. D.C. 223 (D.C. Cir. 2003); *Holy Land Found. for Relief & Development v. Ashcroft,* 333 F.3d 156, 165, 357 U.S. App. D.C. 35 (D.C. Cir. 2003); Browning, 292 F.3d at 242.   The Court is not required to accept as true inferences that are unsupported by facts in the complaint or legal conclusions presented as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 39, ____ U.S. App. D.C. _____ (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.   Nonetheless, the court is required to resolve any ambiguities or doubts concerning the sufficiency of the claim in favor of the pleader. *FTC v. Capital City Mortg. Corp.*, 321 F. Supp. 2d 16, 18 (D.D.C. 2004). In deciding a motion to dismiss, "the issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).   As such, motions to dismiss for failure to state a claim upon which relief can be granted are generally viewed with disfavor and rarely granted.  *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102, 243 U.S. App. D.C. 354 (D.C. Cir. 1985).

　　Hartz moves to dismiss two claims alleging violations of the Lanham Act because, it claims, there is not a "federal remedy" for either misappropriation of trade secrets or for claims arising from alleged misrepresentations about the invention or ownership of an underlying idea.

As alleged in the Amended Complaint, a plain reading of the Lanham Act provides for a civil action to be brought by any person who believes they are damaged or likely to be damaged by a false or misleading representation including, but not limited to, the misrepresentations and acts alleged by Virbac against the Defendants.

Hartz moves to dismiss a third of Virbac's federal claims for fraud committed in making application for the patents. Hartz claims that this claim is not viable because no patent has been issued, rather the applications were rejected. However, as alleged in Virbac's Amended Complaint, the Defendants have continued to pursue the administrative appeals process to obtain these patents. Thus, even if the circular logic behind Hartz's Motion is a valid reason to dismiss, their basis for the Motion fails in this instance because it is predicated on facts that are untrue.

## IV.    CONCLUSION

For all of the foregoing reasons, the interests of justice weight in favor of honoring the forum selected by the Plaintiff and denying the Hartz Defendants' motions to dismiss and, the alternative motion to transfer.

WHEREFORE, Virbac respectfully requests that this Court enter an Order denying the motions of Defendant Hartz to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. 1406 and the alternative motion to transfer venue to New Jersey, also brought under 28 U.S.C. § 1406, and for such further relief as to which Plaintiffs are entitled.

Dated:  October 18, 2005.

Respectfully submitted,


_____/s/ Richard D. Horn_____
Richard D. Horn, Esq.
D.C. Bar #425945
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 828-5800
Facsimile: (202) 223-1225
richard.horn@bracewellgiuliani.com

ATTORNEYS FOR PLAINTIFF
VIRBAC CORPORATION

OF COUNSEL:

Elizabeth D. Whitaker
TX State Bar No. 00000078
Michelle E. Roberts
TX State Bar No. 17014435
Debra K. Thomas
TX State Bar No. 24003046
Bracewell & Giuliani LLP
500 North Akard Street, Suite 4000
Dallas, Texas 75201
Telephone:  (214) 758-1000
Facsimile:   (214) 758-1010


John H. Barr, Jr.
TX State Bar No. 00783605
Richard F. Whiteley
TX State Bar No. 24013744
Christopher D. Northcutt
TX State Bar No. 24028558
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2005, I caused a true and correct copy of the foregoing to be served by electronic mail on the following persons:

Timothy C. Bass
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006

Eric S. Aronson
Douglas R. Weider
Todd L. Schleifstein
Greenberg Traurig, LLP
200 Campus Drive, P.O. Box 677
Florham Park, NJ 07932

L. Barrett Boss
Cozen O'Connor, PC
1667 K Street, N.W., Suite 500
Washington, DC 20006

and by first-class, postage prepaid, upon:

John C. Barnoski
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

/s/ Richard D. Horn
Richard D. Horn

VIRBAC CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTIONS TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER                    PAGE 22
DALLAS\269537.3