IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIRBAC CORPORATION,                     )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     Case No. 1:05CV01128 (RMU)
                                        )
CHANELLE PHARMACEUTICALS                )
MANUFACTURING LTD., *et al.*,           )
                                        )
            Defendants.                 )

**STATEMENT OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF MOTION OF DEFENDANT THE HARTZ MOUNTAIN
CORPORATION TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY,
TO TRANSFER VENUE, AND TO DISMISS COUNTS I, II AND III OF COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Telephone:   (202) 331-3100
Facsimile:   (202) 331-3101

*Counsel for Defendant
The Hartz Mountain Corporation*

Defendant The Hartz Mountain Corporation ("Hartz")[1], by and through counsel, respectfully submits this Statement of Points and Authorities in further support of its motion to dismiss for improper venue, or alternatively, to transfer venue, or alternatively, to dismiss Counts I, II and III of the Complaint for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

The Statement of Points and Authorities filed by the plaintiff, Virbac Corporation ("Virbac") in opposition to this motion (the "Opposition") contends that the just-filed[2] Amended Complaint has "cured" the issues raised in the Hartz's motion. Virbac is wrong. Indeed, no amendment could cure the procedural and substantive defects raised in this Motion.

The gravamen of Virbac's defense of its "carefully and properly considered" venue choice in this district is nothing more than a plea, lacking any factual support or citation to controlling authority, for this Court to "look not to New Jersey as urged by Hartz, but to the venue chosen by Plaintiff Virbac *based on its knowledge of its claims and damages* – the District of Columbia." Opposition at 10 (emphasis added).

"Where plaintiff thinks the case belongs" has never been accepted by any federal court as the appropriate standard for determining the propriety of venue in a particular case. A venue analysis instead focuses upon the residences of the parties and witnesses and where the underlying claims arose. Neither the parties nor the facts of this case have any connection to the District of Columbia. This action should thus be dismissed or, in the alternative, transferred to the District of New Jersey.

---

[1]  In response to this Motion, Virbac filed an Amended Complaint that, among other things, removed as defendants the individual Hartz employees, Albert Ahn and Ian Cottrell.

[2]  Although Virbac electronically filed its Opposition on October 18, 2005, it did not electronically file its Amended Complaint. Instead, Virbac paper filed the Amended Complaint, which was neither recorded on the docket nor received by Hartz until Monday, October 24, 2005.

Similarly, Virbac's Amended Complaint does not and cannot save its Lanham Act and Fraud on the Patent Office claims because those causes of action do not state any legally cognizable claim for relief. Instead of withdrawing those deficient claims, as Fed.R.Civ.P. 11 would require, Virbac reasserted its Lanham Act claim (Counts I and II), and restyled the Fraud on the Patent Office claim as a Sherman Act § 2 violation (Count III), simply giving a new name to an equally defective claim. Accordingly, the Hartz Defendants' Motion should be granted, and Counts I, II and III of the Amended Complaint should be dismissed, with prejudice.

## ARGUMENT

### I. VENUE IS IMPROPER IN THE DISTRICT OF COLUMBIA

Once the Hartz Defendants challenged the venue of this action in this judicial district, the burden of persuasion shifted to Virbac to establish that venue is proper here. *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 190 (D.D.C. 2004) (Urbina, *J.*). Virbac's Opposition does not cite to the Amended Complaint, introduce a single fact or document, and is based entirely upon unsupported conjecture about unidentified documents, witnesses and events. It does not come close to meeting Virbac's burden.

#### A. Virbac's Confusion of Personal Jurisdiction and Venue

Throughout the Opposition, Virbac confuses personal jurisdiction, which is a court's power to exercise control over particular parties, with venue, which is primarily concerned with choosing a convenient forum for a particular lawsuit. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). In contrast to personal jurisdiction, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts. Rather, it restricted venue either to the residence of the defendants or to a 'place which may be more convenient to the litigants' – i.e., both of them –

2

'or to the witnesses who are to testify in the case.'" *Id.* at 185, quoting S. Rep. No. 1752, 89th Cong., 2d Sess. 3 (1966) (internal citations omitted).

Accordingly, neither Virbac's decision to forum-shop by bringing the instant action in the District of Columbia, the Hartz Defendants' consent to personal jurisdiction by voluntarily appearing in the action, nor the unsupported allegation that Hartz made "retail sales" or transacted unrelated business in the District of Columbia, *see, e.g.*, Pl. SPA at 4-6, 10, 13, has any significance for purposes of the instant venue analysis. For the same reason, the fact that Hartz can be deemed a "resident" of the District of Columbia pursuant to 28 U.S.C. § 1391(c) does not make venue proper under 28 U.S.C.

§ 1391(b)(1), which requires that *all* defendants reside in the same judicial district. Opposition at 5. There is no evidence before this Court to suggest that defendant Chanelle Pharmaceuticals Manufacturing, Ltd. ("Chanelle"), an Irish Corporation located in Ireland, is a resident of this district.

### B. Venue in the District of Columbia is Similarly Improper Under 28 U.S.C. § 1391(b)(2) and (3)

Without introducing a single fact or document, Virbac claims that venue is proper in the District of Columbia under 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred in this district . . . ." Opposition at 5. None of Virbac's conclusory assertions, however, constitutes a legally sufficient contact with the District of Columbia for venue purposes.

As noted in the Hartz Defendants' initial Statement of Points and Authorities (the "Hartz SPA"), the fact that defendants may have "fil[ed] applications with the U.S. Food and Drug Administration" (which Virbac admits is located in Maryland) "and the Patent and Trademark Office" (which Virbac admits is located in Virginia), *id.* at 5-6, has no significance for venue

purposes. A party's official contacts with a government agency or entity can not support either a showing of personal jurisdiction or venue. Hartz SPA at 11-12. To hold otherwise would effectively allow any case to be venued in district courts sitting in Maryland, Virginia or the District of Columbia based on even the most tenuous connection to the federal government.[3] *See also Southern Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 87 (D.D.C. 2004) (transferring NEPA action challenging sale of oil and gas leases to Utah; Department of Interior's formulation of relevant environmental policies too remote to support venue in District of Columbia).

Virbac's conclusory claim that it has "suffered specific damages in this District resulting from the public disclosure of its confidential and proprietary information" or that "injury from the alleged theft is likely to be sustained in . . . the District of Columbia" cannot support venue here either. Opposition at 5, 9-10. First, Virbac fails to identify either the "damages" it has supposedly suffered, the "confidential and proprietary information" was supposedly disclosed, or how any such "damages" and "disclosure" are in any way connected or unique to the District of Columbia.

In fact, despite its unsupported affirmative representations to this Court to the contrary, *id.* at 13, Virbac is not authorized to do business in the District of Columbia (*see* Lexis search results attached as Exhibit A), no patents issued in the District of Columbia, no commercial product involving the process technologies at issue was ever sold by any party in the District of

---

[3]    Virbac's attempts to link the U.S. Food and Drug Administration and the U.S. Patent and Trademark Office (the "USPTO") to this District for venue purposes through those agencies' respective governmental relationships with the U.S. Department of Health and Human Services and the U.S. Department of Commerce are not only utterly without support, but border on the comical. Opposition at 4, 7-8.

Columbia, and none of the agreements cited was negotiated, executed or performed in the District of Columbia.

Virbac instead essentially complains only about the publication of unspecified "trade secrets," "know-how" or "confidential and proprietary" information in the Federal Register, which is circulated throughout the United States. It is therefore impossible to see any connection between the averments in the Complaint[4] and the District of Columbia. *See Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 142 (D.D.C. 2004) (Urbina, *J.*) (transferring case to Maryland; deference to plaintiff's chosen forum is mitigated when plaintiff is non-resident and forum "has no meaningful ties to the controversy and no particular interest in the parties or subject matter").

Virbac's citation to patent laws and related cases have no relevance to venue because neither the Complaint nor the Amended Complaint alleges a cause of action arising under the patent laws.[5] In fact, Virbac does not even allege the existence of a patent. Moreover, even if there was a patent, the mere fact that the subject matter of a case relates to a patent does not thereby create an action arising under the patent laws. As the Ninth Circuit explained in applying the standard venue analysis set forth in 28 U.S.C. § 1391 to a similar action:

> Interference with contract and interference with prospective economic advantage are state causes of action. When the subject matter of the contract interfered with is a patent or the prospective economic advantage relates to a patent, questions of patent law will often arise in the controversy. But that fact does not make the action one arising under the patent laws.

*Koratron Co. v. Deering Milliken, Inc.*, 418 F.2d 1314, 1317 (9th Cir. 1969). *Accord*

*Norkol/Fibercore, Inc. v. Gubb*, 279 F. Supp. 2d 993, 999 (E.D. Wis. 2003) (28 U.S.C.

---

[4]    Although Virbac filed an Amended Complaint, there is no reference to any of its allegations in the Opposition. Regardless, none of the allegations of the Amended Complaint establish any connection with this District.

[5]    In fact, if this were a patent case, the governing venue statute would be 28 U.S.C. § 1400(b).

§ 1391(b) governed venue of claims of conspiracy to induce patent infringement and tortious interference).

Virbac also invokes 28 U.S.C. § 1391(b)(3) as an alternative basis for venue, but appears to ignore the most important clause in that statutory provision. The statute provides that a "civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought . . . in . . . a judicial district in which any defendant may be found, *if there is no district in which the action may otherwise be brought*." 28 U.S.C. § 1391(b)(3) (emphasis added).

As the Hartz Defendants explained at length, Hartz SPA at 12-16, this case could and should have been brought in the District of New Jersey. That is where a separate action concerning the same process technologies and patent applications at issue here is already pending between Hartz and Chanelle, and where the majority of the witnesses and evidence are located. *See Hoffman v. Fairfax County Redevelopment & Hous. Auth.*, 276 F. Supp. 2d 14, 19 (D.D.C. 2003) (Urbina, *J.*) (parallel provision in 28 U.S.C. § 1391(a)(3) did not support venue in District of Columbia where case could have been venued in Eastern District of Virginia).

## C. The District of New Jersey is the Only Appropriate Venue

Realizing that this case must be transferred to another judicial district, Virbac struggles to blur the obvious links between New Jersey and the facts of this case. In so doing, however, Virbac repeatedly admits throughout its Opposition that this case has strong connections with New Jersey and thus should have been brought there in the first instance. Virbac admits, for example, that:

- "the defendants reside in New Jersey and Ireland . . ." Opposition at 9;
- "the wrongful acts occurred in . . . New Jersey . . ." *Id.*;
- "commercial use of the information was made in . . . New Jersey . . ." *Id.* at 10;
- "Some other documents, presumably, are located in New Jersey." *Id.* at 15.

Virbac's suggested alternative fora for the action are unpersuasive or simply make no sense. For example, Virbac refers to an amorphous "web of agreements between Hartz, Chanelle, Virbac, Blue Ride [sic] and IDEXX" that arguably supports venue in North Carolina or Texas. *Id.* at 9-10, 14.[6] There is only *one* agreement, however, referenced or alluded to in the Complaint and the Amended Complaint to which Hartz is a party – a business venture or "alliance" agreement with Chanelle that was negotiated, partially executed and performed in New Jersey. Hartz SPA at 3-5. A prior lawsuit arising from that agreement is pending in the District of New Jersey, which Chanelle concedes is an appropriate venue. *Id.* at 5, 14 n.10.

Similarly, because Hartz had no contractual (or other) dealings with Virbac or non-parties Blue Ridge Pharmaceuticals, Inc. or IDEXX Laboratories, Inc. that in any way relate to this action, Hartz's only logical link to the averments in the Complaint and the Amended Complaint is the implicit allegation that Chanelle passed alleged Virbac "trade secrets," "know-how" and "confidential and proprietary" information to Hartz in New Jersey. Accordingly, the residences of Virbac and the above non-parties have no relevance to the venue calculus with respect to the claims against Hartz.

Virbac also claims that "[m]ost of the key witnesses in the case reside or work either in Texas or in Ireland" (including Virbac and Chanelle employees), and that "[o]ther witnesses reside in Maryland and Virginia." Opposition at 14. Virbac fails to identify who any of these witnesses are or how their prospective testimony relates in any manner to the averments in the Complaint. In fact, other than former defendants Michael Burke and Vinay Tripathi (who

---

[6]    Virbac's citation to certain clauses in some of the agreements attached to the Complaint constitutes *the only citation to either the Complaint or the non-existent "amended complaint" in its opposition papers*. *Id.* at 11. Contrary to Virbac's representation, these clauses contain both forum selection *and* governing law provisions. Complaint Ex. A ¶ 15, Ex. B ¶ 12.

presumably reside in Ireland), the only witnesses that Virbac has identified to date are Drs. Ahn and Cottrell, who both reside in New Jersey.[7]

Finally, Virbac also cites to the inconvenience of having to litigate in New Jersey. This is not a relevant consideration, as the focus of the venue analysis is on the convenience of defendants, not plaintiff. *Leroy*, 443 U.S. at 185. Even if Virbac's convenience was relevant to a venue analysis, Virbac fails to explain how it is more inconvenient for Virbac to litigate in Newark, New Jersey (which is 1,400 miles from its Ft. Worth, Texas headquarters) than in Washington, D.C. (which is "only" 1,200 miles away).[8] The only apparent difference to Virbac is that its counsel, Bracewell & Giuliani LLP, has offices in the District of Columbia, but not in New Jersey. That, however, is wholly irrelevant for venue purposes. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000) (Urbina, *J.*) ("The location of counsel carries little, if any, weight in an analysis under § 1404(a).").

Accordingly, the case should either be dismissed outright pursuant to Fed. R. Civ. P. 12(b)(3) or transferred to New Jersey pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

---

[7]   In a transparent effort to avoid transfer to New Jersey, Virbac is now apparently willing to sacrifice its claims against all individual defendants, including Drs. Ahn and Cottrell by dropping them from the Amended Complaint. *Id.* at 2.

[8]   Virbac alternatively suggests that the case be transferred to the Northern District of Texas rather than the District of New Jersey. Opposition at 9 n.1. It also represents that "[i]n selecting the proper forum for its suit, Virbac carefully and properly considered the jurisdiction and venue issues," *id.* at 2 – and thus (presumably) already determined for itself that no Texas jurisdiction is an appropriate venue for this action. If Virbac actually believed that venue is proper in Ft. Worth, Texas, it logically would have brought the action there in the first instance. Virbac's arguments that the Northern District of Texas is now a proper forum, like its abuse of this Court's October 21, 2005 Order and its continual reference to a phantom "amended complaint," demonstrates nothing more than Virbac's casual disregard of Fed. R. Civ. P. 11.

8

## II. NONE OF THE CLAIMS IN COUNTS I, II OR III OF THE AMENDED COMPLAINT TATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Virbac does not state a cognizable claim for violation of § 43(a) of the Lanham Act (Counts I and II) because that statute only protects false designations of origin and what Virbac alleges here is false inventorship.[9] Hartz SPA at 18-21. (Counts I and II of Virbac's Complaint and Amended Complaint contain the identical Lanham Act claims.) Without citing to any authority, Virbac's sole response is that its own "plain reading" of the Lanham Act is sufficient to show that the statute covers misrepresentation of inventorship, as alleged here. Regrettably for Virbac, the United States Supreme Court's "plain reading" of the Lanham Act is what controls. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) ("origin of goods" in Lanham Act "refers to the producer of the tangible goods that are offered for sale, and not to the author of the idea, concept, or communication embodied in those goods."); *see also* Hartz SPA at 18-20.

Virbac similarly does not state a viable claim for fraud on the USPTO (Count III), or "inequitable conduct," as it is more commonly termed, because that is merely a defense to a patent infringement action and provides no basis for an affirmative claim of ownership to a patent application.[10] Hartz SPA at 20-22. Virbac fails to cite any contrary authority. Indeed, Virbac's only response is that Hartz is continuing to prosecute the patent applications, which is

---

[9]    Virbac's Lanham Act claims also fail because the alleged misrepresentations of inventorship were made to the USPTO and not to the general public. Hartz SPA at 19. Virbac offers no response to this point.

[10]    Moreover, even if the Court were to recognize "fraud on the USPTO" as a cognizable affirmative claim for inventorship (which it is not), Virbac's claim still fails because it requires an issued patent, and no patents have issued. Hartz SPA at 21. Although Virbac alludes to the fact that certain claims in one of the patent applications have been deemed allowable by the USPTO, Opposition at 6, 20, such an action is not an issuance of a patent, and prosecution of these applications is still ongoing.

9

irrelevant because Hartz is not asserting a patent infringement or declaratory relief claim against Virbac.

In an effort to save its fraud on the USPTO claim, Virbac's Amended Complaint restyles the fraud on the USPTO count as a violation of § 2 of the Sherman Act. Amended Complaint ¶ 59. Changing the name doesn't change the result. In fact, to make out a claim that fraud on the USPTO constitutes a § 2 Sherman Act (commonly referred to as a Walker Process claim), Virbac has to allege all the elements of fraud on the USPTO *and* all the elements of a Sherman Act claim. The combined elements are: (1) that the Hartz Defendants have an issued patent; (2) that the patent issued because the Hartz Defendants defrauded the USPTO; (3) that the Hartz defendants have sought to enforce the patent against Virbac; (4) that Hartz's enforcement threatened to lessen competition in a relevant antitrust market; (5) that Virbac suffered antitrust damages: and (6) that all other elements of attempted monopolization are met. *Unitherm Food System, Inc. and Jennie-O Foods, Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1355 (Fed. Cir. 2004), *citing Walker, Inc. v. Food Machinery*, 382 U.S. 172 (1965).

Virbac's Amended Complaint does not and cannot allege the required elements. In place of alleging the assertion of an actual patent, Virbac alleges instead its belief that the Hartz Defendants would assert a patent against Virbac if one issued. Amended Complaint at ¶ 62. Courts, however, try actual controversies and not a party's belief about what may or may not happen in the future. *See Aetna Life Ins. Co. of Hartford, Conn. V. Haworth,* 300 U.S. 227, 240-41 (1937) (claim seeking "an opinion advising what the law would be upon a hypothetical state of facts" is not an actual controversy appropriate for judicial determination). As to antitrust damages, Virbac does not allege them nor could it. Antitrust damages are premised on the

economic consequences a party suffers from a fraudulently acquired patent asserted against it and no patent is being asserted against Virbac. *See Unitherm*, 375 F.3d at 1362.

Accordingly, Counts I, II and III of the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Hartz respectfully requests that its Motion be granted, that the Court dismiss this action, or alternatively, transfer it to the District of New Jersey, or alternatively, that Counts I, II and III of the Complaint be dismissed with prejudice.

Dated:  October 28, 2005.

Respectfully submitted,

_____
Timothy C. Bass (Bar No. 457109)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006
Telephone:  (202) 331-3100
Facsimile:  (202) 331-3101

Eric S. Aronson
Douglas R. Weider
Todd L. Schleifstein (Bar No. 458932)
GREENBERG TRAURIG, LLP
200 Campus Drive, P.O. Box 677
Florham Park, New Jersey 07932
Tel:  (973) 360-7900
Fax:  (973) 301-8410

*Counsel for Defendants*
*The Hartz Mountain Corporation,*
*Albert Ahn and Ian Cottrell*